UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
CHRISTOPHER PILGRIM AND CHRISTOPHER
PILGRIM, AS FATHER AND NATURAL GUARDIAN
OF INFANT C.P.,

|  |  |
|---|---|
|  | ***1ST AMENDED*** |
|  | ***COMPLAINT AND*** |
|  | ***JURY DEMAND*** |
| Plaintiff, |  |
| -against- | ECF CASE |
| DOMINIC MALLAMACI; JAMES HAMILTON; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown), | Docket No. 17-CV-4185 (ARR) (RLM) |

Defendants.
----------------------------------------------------------------------X

CHRISTOPHER PILGRIM AND CHRISTOPHER PILGRIM, AS FATHER AND

NATURAL GUARDIAN OF INFANT C.P., by their attorney Cary London, Esq. of London

Indusi, LLP, for their complaint against the above Defendants alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which Plaintiffs seek relief through 42 U.S.C. §1983 and

42 U.S. §1988 for the violation of their civil rights protected by the Fourth and Fourteenth

Amendments to the United States Constitution.

2. The claim arises from a October 10, 2016 incident in which defendants, acting under

color of state law, unlawfully detained, assaulted, and arrested plaintiffs for no valid reason. As a

result of this unlawful detainment and arrest, the plaintiffs were deprived of liberty for

approximately 24 hours. Additionally, both plaintiffs suffered physical and emotional injuries.

After approximately eight months of Court appearances, Plaintiff Christopher Pilgrim reluctantly

accepted an Adjournment in Contemplation of Dismissal with immediate sealing.

3. Plaintiffs seek monetary damages (compensatory and punitive) against Defendants, as

well as an award of costs and attorneys' fees, and such other and further relief as the Court deems

just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States

Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331 and 1343(a) (3) and

(4).

## VENUE

6. Venue is laid within the Eastern District of New York in that Defendant City of New

York is located within and a substantial part of the events giving rise to the claim occurred within

the boundaries of the Eastern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

7. Plaintiff Christopher Pilgrim ("Mr. Pilgrim") resided at all times in Kings County, in the

City and State of New York.

8. Plaintiff C.P. ("C.P.") resided at all times in Kings County, in the City and State of New

York.

9. Defendant Dominic Mallamaci ("Mallamaci") was, at all times here relevant, a police

officer employed by the NYPD and as such was acting in the capacity of an agent, servant and

employee of the City of New York. Defendant Mallamaci was, at the time relevant herein, a Police

Officer under Shield # 644 in the 73rd Precinct. Defendant Mallamaci is sued in his individual

capacity.

10. Defendant James Hamilton ("Hamilton") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Hamilton was, at the time relevant herein, a Police Officer under Shield # 12176 in the 73rd Precinct. Defendant Hamilton is sued in his individual capacity.

11. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 10.

12. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

13. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

**FACTUAL CHARGES**

14. On October 10, 2016, at approximately 10:00 a.m., Mr. Pilgrim was lawfully and innocently present inside of his apartment, with his 4 young children, located at 303 Boyland Street in Brooklyn, New York.

15. On October 10, 2016, at approximately 10:00 a.m., C.P. was lawfully and innocently present inside of his apartment located at 303 Boyland Street in Brooklyn, New York.

16. Mr. Pilgrim was making breakfast for his 4 children.

17. Defendants, including Mallamaci and Hamilton, entered the lobby area of 303 Boyland

Street and knocked on Plaintiff Pilgrim's front door.

18. Plaintiff Pilgrim opened his front door and stepped into the hallway to speak to the Defendants.

19. Plaintiff Pilgrim closed his front door behind him and asked the Defendants what he can help them with.

20. Plaintiff Pilgrim's 9 year old son and 10 year old son, both opened the door and went into the hallway also.

21. Plaintiff Pilgrim told his 2 minor children to go back inside, and closed his front door to speak to Defendants in the hallway.

22. When Mr. Pilgrim was closing his front door behind his children, Defendant Hamilton put his foot in the door to stop the apartment front door from closing completely.

23. Plaintiff Pilgrim said to Defendant Hamilton, "Move your foot. You can't do that."

24. Defendant Hamilton then grabbed Plaintiff Pilgrim's throat with one hand, and used his other hand to put Plaintiff Pilgrim's hand behind his back, causing pain to Mr. Pilgrim.

25. Plaintiff Pilgrim was thrown to the ground and screamed out in pain.

26. Plaintiff Pilgrim's 14 year old son, C.P., then came out of the apartment into the hallway after hearing his fathers scream.

27. Defendant John Doe then grabbed Plaintiff C.P., and slammed him into the front door, while twisting his arm, causing pain and injury to C.P.

28. Defendant John Doe then put his hand on his firearm and threatened to draw it.

29. C.P starts crying on the floor, and Plaintiff Pilgrim's wife exited the apartment into the hallway.

30. Mr. Pilgrim's wife asked the Defendants what is going on.

4

31. Defendants, including Defendants Mallamaci and Hamilton, told the wife, "Shutup or we will arrest you too."

32. Defendants, including Defendants Mallamaci and Hamilton, then unlawfully handcuffed Mr. Pilgrim.

33. Defendants did not observe Mr. Pilgrim commit any crime or offense.

34. Mr. Pilgrim did not resist arrest.

35. Defendant's actions caused pain, suffering, bruising, and swelling to Plaintiff C.P.'s head, knees, back, and arms, causing Plaintiff C.P. to be treated at Kings County Hospital.

36. Plaintiff C.P. did not interfere with the unlawful arrest of Plaintiff Pilgrim.

37. Plaintiff C.P. was not actually arrested.

38. Defendants, including Defendants Mallamaci and Hamilton, proceeded to search Plaintiff Pilgrim without his permission or authority.

39. No contraband or anything of illegality was found on Mr. Pilgrim.

40. Defendants, including Defendants Mallamaci and Hamilton, had no probable cause or reasonable suspicion to arrest plaintiff Pilgrim.

41. Defendants, including Defendants Mallamaci and Hamilton, dragged Mr. Pilgrim to the police car without shoes or a shirt, causing injuries to his back and wrists.

42. Defendants, including Defendants Mallamaci and Hamilton, refused to allow Mr. Pilgrim to put on a shirt.

43. Mr. Pilgrim and his wife repeatedly asked the Defendants why Mr. Pilgrim was being arrested.

44. The defendants, including Defendants Mallamaci and Hamilton, refused to tell the Plaintiff or his wife why they were making the arrest.

5

45. The handcuffs put on Mr. Pilgrim were extremely tight, and caused bruising to both his wrists.

46. Thereafter, Defendants transported plaintiff Pilgrim to the precinct.

47. Eventually, plaintiff was transported to central bookings in Brooklyn.

48. While plaintiffs were in central booking, defendants, including Defendants Mallamaci and Hamilton, acting with malice, conveyed false information to prosecutors in order to have plaintiffs prosecuted for Resisting Arrest, Attempted Assault in the Third Degree, and Harassment in the Second Degree.

49. Upon information and belief, Defendants Mallamaci and Hamilton, prepared false paperwork relating to the plaintiffs' case.

50. Plaintiffs spent approximately 24 hours unlawfully detained in police custody.

51. At arraignments, the Judge released Mr. Pilgrim on his own recognizance.

52. When Mr. Pilgrim came home, he immediately took his 14 year old son, Plaintiff C.P., to King's County Hospital to be treated for his injuries.

53. After approximately eight months and five court appearances, plaintiff reluctantly accepted Adjournments in Contemplation of Dismissal with immediate sealing.

54. During all of the events described, the individual defendants, including Defendants Mallamaci and Hamilton, acted maliciously and with intent to injure plaintiffs.

55. At all times relevant hereto, defendants, including Defendants Mallamaci and Hamilton, were involved in the decision to arrest the plaintiff without probable cause or failed to intervene in the actions of their fellow officers when they observed plaintiff being arrested without probable cause.

56. As a direct and proximate result of the acts of defendants, plaintiffs suffered the

following injuries and damages: a violation of their rights pursuant to the Fourth and Fourteenth

Amendment of the United States Constitution, physical injury, physical pain and suffering,

emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress,

frustration, extreme inconvenience, anxiety, loss of liberty and harm to reputation.

## FIRST CAUSE OF ACTION
Unlawful Stop and Search to Plaintiff Pilgrim
42 U.S.C. § 1983 Against Individual Defendants

57. The above paragraphs are here incorporated by reference as though fully set forth.

58. Defendants violated the Fourth and Fourteenth Amendments because they stopped and

searched Plaintiff without reasonable suspicion.

59. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the

damages herein before alleged.

## SECOND CAUSE OF ACTION
False Arrest of Plaintiff Pilgrim Under
42 U.S.C. § 1983 Against Individual Defendants

60. The above paragraphs are here incorporated by reference as though fully set forth.

61. The Defendants violated the Fourth and Fourteenth Amendments to the U.S.

Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

62. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and

imprisonment of Plaintiffs were carried out without a valid warrant, without the Plaintiffs' consent,

and without probable cause or reasonable suspicion.

63. At all relevant times, Defendants acted forcibly in apprehending, arresting, and

imprisoning Plaintiffs.

64. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the

damages hereinbefore alleged.

**THIRD CAUSE OF ACTION**
Failure to Intervene to both Plaintiffs Under
42 U.S.C. § 1983 Against Individual Defendants

65. The above paragraphs are here incorporated by reference as though fully set forth.

66.  Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

67. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

68. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

**FOURTH CAUSE OF ACTION**
Denial of Right to Fair Trial to Plaintiff Pilgrim Under
42 U.S.C. § 1983 Against Individual Defendants

69. The above paragraphs are here incorporated by reference as though fully set forth.

70. The individual Defendants created false evidence against Plaintiffs, to wit, sworn documents and testimony alleging Plaintiffs committed unlawful acts.

71. The individual Defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

72. In creating false evidence against Plaintiffs, and in forwarding false information to prosecutors, the individual Defendants violated the Plaintiffs' right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

73. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION
Excessive Force against both Plaintiffs Under
42 U.S.C. § 1983

74. The above paragraphs are here incorporated by reference as though fully set forth.

75. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on Plaintiffs without consent.

76. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiffs respectfully request judgment against Defendants, jointly and severally, as follows:

a)   In favor of Plaintiffs in an amount to be determined by a jury for each of Plaintiffs' causes of action;

b)   Awarding Plaintiffs punitive damages in an amount to be determined by a jury;

c)   Awarding Plaintiffs compensatory damages in an amount to be determined by a jury;

d)   Awarding Plaintiffs reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e)   Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Dated:  December 13, 2017
        Brooklyn New York

Respectfully submitted,

        /s/ Cary London, Esq.
*Cary London, Esq.*
Bar Number: CL2947
Attorney for Plaintiffs
London Indusi LLP
186 Joralemon Street, Suite 1202

Brooklyn, NY 11201
(718) 301-4593 – Phone
(718) 247-9391 – Fax
Cary@LondonIndusi.com